QUESTION:
What effect would a change in the composition of the St. Lucie County-Fort Pierce Fire Prevention and Control District Governing Board have on its firemen's pension plan?
SUMMARY:
House Bill 651 (1977), which changes the composition of the St. Lucie County-Ft. Pierce Fire Prevention and Control District's governing board by making the board of county commissioners the ex officio governing head of the fire district will not affect the district's existing firemen's pension plan established under Ch. 175, F. S., the `Municipal Firemen's Pension Trust Fund Act.'
According to your letter, a question has been raised by firemen employed by the St. Lucie County-Ft. Pierce Fire Prevention and Control District as to the probable effects House Bill 651 (1977) will have on the district's existing firemen's retirement system. The 1977 amendment to Ch. 59-1806, Laws of Florida, which created the district, makes the Board of County Commissioners of St. Lucie County the ex officio governing board of the fire district. The fire control district is presently providing a pension program for its retired employees under the `Municipal Firemen's Pension Trust Fund Act,' Ch. 175, F. S. Section 18 of Ch. 59-1806 provides:
 The board is authorized to employ the fire fighting personnel heretofore employed by the City of Fort Pierce and by the Fire Control District herein and hereby abolished. All rights of such personnel under the civil service and retirement laws and ordinances of the City of Fort Pierce and all rules and regulations pertaining thereto are hereby respectively preserved unto such personnel.
The firemen are concerned that the change in board membership will adversely affect their participation in their existing pension plan established under Ch. 175, F. S.
The fact that the St. Lucie County Commissioners serve as the ex officio commissioners and governing head of the fire district does not mean that they lack the authority to do all things necessary to carry out the purpose of the district. The term `ex officio' means `by virtue or because of an office' and simply describes the manner in which an official may validly serve as a member of another board or commission; that is, he serves as a member of another board or commission because of an office already held by him, provided, however, that the duties of the two offices are not incompatible or inconsistent. Attorney General Opinion 075-296.See State v. Florida State Turnpike Authority, 80 So.2d 337 (Fla. 1955) (member of State Road Board serving as ex officio member of State Improvement Commission); Advisory Opinion to the Governor,1 So.2d 636 (Fla. 1941) (chairman of State Road Department serving as ex officio member of State Planning Board); Amos v. Mathews,126 So. 308 (Fla. 1930) (Governor, Comptroller, and State Treasurer serving ex officio as the State Board of Administration); Whitaker v. Parsons, 86 So. 247 (Fla. 1920).
Whether an officer as a member of both boards holds one or two offices is dependent on the nature of the duties of each.
 [I]f the duties of the two capacities are separate and distinct so that the officer, while acting in one capacity, is governed by one law and, while acting in the other, is governed by a different and independent law, then he holds two distinct and separate offices. [67 C.J.S. Officers s. 9, p. 120.]
The Fort Pierce-St. Lucie County Fire District was created by the Legislature in 1959 for the purpose of performing a prescribed, specialized function, that is, providing and coordinating fire protection within the district. The district's governing board was granted the authority `to establish, contract for, operate and maintain whatever facilities may be required to so reduce fire hazards and to prevent the destruction of the properties located within the . . . district and to exercise the powers incident to the operation of a fire prevention and control district . . . .' Chapter 59-1806, Laws of Florida. To implement the purpose of the district, the board is authorized to levy and collect taxes for the payment of notes that may be issued by the district. See ss. 12 and 20, Ch. 59-1806. While the duties imposed upon the fire district's board of commissioners are not inconsistent with those imposed upon the county board of commissioners, they are separate and distinct. The fire district is a separate political entity from the county, and its governing board of commissioners is governed by a different and independent law. Accordingly, a public officer serving as county commissioner for St. Lucie County and as an ex officio member of the fire district's board serves in two distinct and separate capacities and holds two distinct and separate offices.
The Chief of the Governments Division of the Bureau of the Census of the United States Department of Commerce has informed the county that if the board of county commissioners is also the ex officio governing board of the fire district, the district would be classified as a dependent agency of the county for federal revenue sharing purposes. Section 218.31(5), F. S., defines a `special district' as `a local unit of special government, except district school boards and community college districts, created pursuant to general or special law for the purpose of performing prescribed specialized functions, including urban functions, within limited boundaries.' Section 218.31(6), F. S., defines a `dependent special district' as a `special district whose governing head is the local governing authority, ex officio, or otherwise, or whose budget is established by the local government authority' for the purposes of part III of Ch. 218, F. S., the Uniform Local Financial Government and Reporting Act. Under these definitions, it appears that amending s. 6, Ch. 59-1806, Laws of Florida, so as to make the board of county commissioners the ex officio governing head of the fire district would operate to bring the district within the purview of part III of Ch. 218 as a `dependent special district,' thereby subjecting it to the budget requirements of s. 218.34(2), which provides:
 The proposed budget of a dependent special district shall be contained within the general budget of the local governing authority and clearly stated as the budget of the dependent special district. Financial reporting shall be made in the same fashion as provided by rules of the department.
This designation of the fire control district as a `dependent special district' is, however, only pertinent to the Uniform Local Government Financial Management and Reporting Act and does not, in itself, affect the district's status with respect to state revenue sharing or the district's firemen's pension plan.
Accordingly, I am of the opinion that the aforesaid amendment to Ch. 59-1806, Laws of Florida, as amended by Ch. 65-2191, Laws of Florida, will not affect the district's existing firemen's pension plan regardless of the composition of its government head, ex officio or otherwise.
Prepared by: Sharyn L. Smith Assistant Attorney General Joslyn Wilson Legal Research Assistant